UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

*IN ADMIRALTY*

CARNIVAL CORPORATION d/b/a

CARNIVAL CRUISE LINES,                                      Case No.:

      Plaintiff,

vs.

TOPALI SHIP MANAGEMENT, INC.

individually and/or d/b/a VISIONSHIP,

      Defendant.
_____/

**COMPLAINT**

      Plaintiff, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, by and through the undersigned counsel, brings this complaint against Defendant, TOPALI SHIP MANAGEMENT, INC. d/b/a VISIONSHIP, seeking the following relief and as grounds state:

**PARTIES, JURISDICTION AND VENUE**

    1.    This action is for damages in excess of $75,000.00.

    2.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

    3.    At all times material hereto, Plaintiff, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter referred to as "CARNIVAL"), is a Panamanian corporation with a place of business in Miami-Dade County, Florida.

    4.    At all times material hereto, Defendant, TOPALI SHIP MANAGEMENT, INC.

d/b/a VISIONSHIP (hereinafter referred to as Topali), is a Florida corporation with its principal place of business in Broward County, Florida.

5. This action arises out of a contract for the provision of food for a vessel, the breach of which resulted in the imposition of a maritime lien against a vessel and the arrest of said vessel.

6. Pursuant to a forum selection clause, venue is proper in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

7. On or about May 9, 2013, Carnival and Topali entered into a contract for the purchase of food which was to be delivered to the vessel Carnival *Sunshine* (hereinafter referred to as the "Food").

8. The terms and conditions of the contract were memorialized in Purchase Order #994419 (hereinafter referred to as the "Purchase Order") and Carnival's standard terms and conditions were incorporated into the Purchase Order by specific reference therein (the Purchase Order and terms and conditions are hereinafter collectively referred to as the "Contract). A copy of the Contract is attached hereto as Exhibit A and the contents thereof are incorporated by reference as if set forth herein.

9. Pursuant to the Contract, Topali agreed to deliver Food to the vessel, Carnival *Sunshine* (hereinafter referred to as the "*Sunshine*"), at the Port of Dubrovnik, Croatia.

10. Further, the Contract required Topali to deliver the Food free of any claims, liens or encumbrances.

11. Within thirty (30) days from the date of the delivery of the Food, Carnival was to pay Topali €60,524.64.

12. The Food was delivered to the Sunshine and on May 27, 2013, Carnival timely paid Topali the amount of €60,524.64.

13. On September 6, 2013, a Croatian court entered an order arresting the *Sunshine*.

14. Carnival discovered that the *Sunshine* was to be arrested because apparently Topali sub-contracted with another contractor, Adria Alda, to provide the Food to the *Sunshine* and Topali did not pay Adria Alda for the Food although Carnival had already paid Topali for the Food.

15. The order arresting the *Sunshine* resulted from Adria Alda's claim that it had a maritime lien upon the *Sunshine* because it had not been paid for the Food it supplied to the *Sunshine*.

16. Carnival demanded that Topali immediately pay Adria Alda the money Topali owed to Adria Alda to avoid the assertion of the lien and detention of the *Sunshine* but Topali failed to do so subjecting the *Sunshine* to the lien and arrest.

17. To avoid detention and delayed departure, Carnival had to pay the sum of $99,555.00 to satisfy the lien asserted by Adria Alda by paying for the Food again, even though it had already paid Topali. Carnival also had to pay attorney's fees and costs incurred by Adria Alda in obtaining the order arresting the *Sunshine*.

18. On September 24, 2013, Carnival sent a letter to Topali demanding that Topali pay Carnival the amount of $99,555.00. (*See* attached Exhibit B - Demand letter).

19. Sections 17 and 22 of the Contract allows for the recovery of attorneys' fees.

20. All conditions precedent to bringing this action have occurred, been waived, or otherwise been executed or performance would be futile.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty (20) above as though fully set forth herein.

22. Pursuant to the terms of the Contract between the parties, Carnival was to pay a total of €60,524.64, or the United States Dollar equivalent of $77,855.21, for the Food.

23. Carnival paid Topali in full for the Food, however, Topali failed to pay its subcontractor which resulted in a maritime lien being asserted against, and arrest of, the *Sunshine*.

24. Topali's actions in accepting the money from Carnival but not paying Adria Alda caused Carnival to be damaged because it had to pay Adria Alda for the Food plus costs and attorneys' fees when Carnival had already paid Topali for the same Food.

25. Topali's failure to pay its subcontractor, Adria Alda, resulted in a lien asserted against and arrest of the Carnival's vessel, the *Sunshine* which is a material breach of its contract with Carnival.

WHEREFORE, Carnival requests judgment against Topali for damages, actual and consequential, pre-judgment and post-judgment interest, costs, attorneys' fees, and such other and further relief as the Court may deem just and proper.

## COUNT II – CONTRACTUAL INDEMNITY

26. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty (20) above as though fully set forth herein.

27. Pursuant to Section 16 of the Contract:

> Seller assumes full responsibility for the acts and omissions of its own subcontractors, suppliers, employees, agents and the employees and agents of its subcontractors and suppliers.

28. Pursuant to section 17 of the Contract:

> 17. Indemnification; Hold Harmless. Seller shall defend, indemnify and hold Buyer harmless from and against all claims, losses, expenses, damages, causes of action and liabilities of every kind and nature, including without limitation reasonable attorney's fees (without waiver of Seller's obligation to indemnify Buyer hereunder) arising from, in connection with or relating to, directly or indirectly, (i) any breach or alleged breach of these Terms and Conditions or any Order, (ii) acts or omissions attributable to Seller, its officers, agents, employees and subcontractors, and/or (iii) the Products or Services. Buyer may be represented by and actively participate through its own counsel in any such suit, claim, demand or proceeding if it so desires, at Buyer's cost.

29. Carnival, as a result of the acts or omissions of Topali, had a claim brought against it by Topali's subcontractor.

30. The claim was solely the result of Topali's conduct.

31. Pursuant to the Contract, Topali agreed to indemnify Carnival for any actions of its subcontractors or any actions brought against Carnival as a result of Topali's acts or omissions.

32. Topali has breached its obligation to indemnify Carnival pursuant to the contract by failing, after demand, to pay for the losses resulting from Topali's own acts or omissions.

33. Topali's breach is the proximate cause of damage to Carnival.

WHEREFORE, Carnival requests judgment against Topali for damages, actual and consequential, pre-judgment and post-judgment interest, costs, attorneys' fees and such other and further relief as the Court may deem just and proper.

## COUNT III– UNJUST ENRICHMENT

34. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty (20) above as though fully set forth herein.

35. Carnival conferred a benefit upon Topali when it paid Topali €60,524.64, or the United States Dollar equivalent of $77,855.21.

36. Topali had knowledge of the benefit conferred.

37. Topali accepted and retained the benefit conferred.

38. Under the circumstances, it would be inequitable for Topali to retain the benefit without paying for it.

**WHEREFORE**, Carnival demands judgment against Topali for damages, both actual and consequential, pre and post judgment interest, costs, and such other and further relief as this Court may deem proper.

## COUNT IV – PROMISSORY ESTOPPEL

39. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs one (1) through twenty (20) above as though fully set forth herein.

40. Topali promised Carnival that in return for payment of €60,524.64 it would supply the Food without subjecting Carnival to any liens or encumbrances. Carnival, in reasonable reliance upon this promise, tendered payment to Topali in the amount of €60,524.64.

41. Carnival suffered a detrimental change in position as a result of its reliance on the representation of Topali and was injured thereby.

42. Injustice can only be avoided by enforcement of the promise against Topali.

**WHEREFORE**, Carnival demands judgment against Topali for damages, both actual and consequential, pre and post judgment interest, costs, and such other and further relief as this Court may deem proper.

Respectfully submitted this 1st day of April, 2014.

                                      **FOREMAN FRIEDMAN, PA**

                                      BY: /s/ *Gregory R. Elder*
                                            Jeffrey E. Foreman, Esq.
                                            Florida Bar No. 0240310
                                            jforeman@fflegal.com
                                            Gregory R. Elder, Esq.
                                            Florida Bar No. 54006
                                            gelder@fflegal.com
                                            Gavin Tudor Elliot, Esq.
                                            Florida Bar No. 0542997
                                            gelliot@fflegal.com
                                            One Biscayne Tower, Suite 2500
                                            2 South Biscayne Boulevard
                                            Miami, FL  33131
                                            Phone: 305-358-6555
                                            Fax: 305-374-9077
                                            *Attorneys for Plaintiff*